Angle,. J.
The contention of plaintiff is that defendant was negligent in the make up of the train, in not furnishing safe and proper cars adapted to be coupled together, safe and proper couplings, and safe and proper brakes.
Plaintiff gave evidence tending to show that the platform of the coach was from four to six inches lower than the platform of the combination car; that the draw-head on the coach was lower than the draw-head on the car, so that the lower part of the draw-head of the car only lapped about two inches upon the upper part of the draw-head of the coach (both draw-heads being somewhat oval on the buffer), so that owing to their unequal heighth the draw-heads were connected by a crooked link; that the fastenings of the draw-head of the car where it was fastened under the car were broken by the collision. The evidence showed without conflict that the draw-heads did not pass each other in the collision, but were driven together and so held by the fink and pins with their buffer ends in opposition to each other, at least in part. ,
On his direct examination, plaintiff testified that he knew the difference in elevation between the draw-heads, he had coupled them so many times; he had never seen the platforms lap, but had seen the draw-heads lap; had called the attention of Mr. Butler, the foreman in the repair shop, to this defect in the coupling; told him that Way, the conductor, wanted him to raise the coach so they could couple it with a straight fink.
I blocked up one draw-head one night and the sill had worn so there was some play; I got a long straight link, and when they pulled it out it naturally raised the coach and made a chuck, and Way asked me not to couple with a straight link any more, hut to speak to Butler to have it fixed; when I stated this to Mr.' Butler, he said he would look to it and see what he could do; this was three or four weeks before the accident occurred.
On his cross-examination it appeared that he had been brakeman for defendant for some time and had used this *425 coach and car during the whole time ; that he had coupled them together often and knew the position of the platforms on each, and of the draw-heads and couplings, he had seen them often. “ They were so that anybody could see that one was lower than the other.” “I knew I could not connect these draw-heads with a short, straight link. I saw that the first time l ever saw the cars ; could not tell how many times I connected these cars together and saw that; probably once a day all the time I was there. I went over these platforms a large number of times every day. ” “ There was nothing to prevent my seeing all there was there and observing everything in reference to the platform and couplings.”
The law applicable to this class of cases has often been announced, and in the late case of Appel v. B. N. Y. and P. R. R. Co. (2 N. Y. State Reporter, 257), it is again held to be the duty of a railroad company to its servants to use ordinary care in furnishing structures and implements with a view to their protection, and a company may not unnecessarily expose its servants to danger from imperfect or defective structure, machinery and appliance relating to the business and its operations. But the servant is chargeable with knowledge of the obvious condition of the structure, etc., and he cannot recover for injuries arising from defects of which he had knowledge.
The above case was in this department and the authorities there cited fully sustain the above position, though in that action it was held that the case was properly allowed to go to the jury on a question arising upon the want of blocking in a frog.
In the present case the plaintiff himself testifies to what we think is full knowledge of the defects complained of and he cannot recover.
There does not seem to be any evidence to sustain the plaintiff’s contention that the brakes were defective, except that their application failed to stop the train in time to avoid the collision; nor is there anything to sustain his contention that the draw-head of the combination car was not properly fastened to the car, except the fact that it was torn loose by the collision.
There was not evidence enough to go to the jury either with reference to the brakes or the fastenings of the draw-head to the car.
The exceptions are overruled and judgment ordered for defendant, on the non-suit.
Haight, J., concurs, Bradley, J., taking no part.